PEOPLE v STEAD

Docket No. 257549. Submitted February 7, 2006, at Lansing. Decided
February 9, 2006. Approved for publication April 11, 2006, at 9:00
a.m.

Joshua K. Stead was convicted by a jury in the Antrim Circuit Court
of possession of less than 25 grams of heroin. The court, Philip E.
Rodgers, Jr., J., sentenced the defendant as a fourth-offense
habitual offender to imprisonment for 30 months to 15 years, to be
served consecutively to an earlier sentence from which the defen-
dant was on parole. The presentence investigation report had
recommended credit for jail time served, but the court did not
apply that credit against the defendant's sentence for the posses-
sion conviction. The defendant appealed.

The Court of Appeals *held*:

Under the precedent of *People v Seiders*, 262 Mich App 702
(2004), a parolee arrested for a new criminal offense and held on a
parole detainer is not entitled to credit under MCL 769.11b for time
served in jail on the sentence for the new offense because bond is not
set or denied when a defendant is held in jail on a parole detainer.
Contrary to the defendant's assertion, *Seiders* does not conflict with
*Wayne Co Prosecutor v Dep't of Corrections*, 451 Mich 569 (1996). At
issue in *Wayne Co Prosecutor* was when the previous sentence ended
and when the sentence for the offense committed on parole should
begin, not how jail credit should be applied.

Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Charles Koop*, Prosecuting Attorney,
and *Eric Restuccia*, Assistant Attorney General, for the
people.

*Patrick K. Ehlmann* for the defendant.

Before: BORRELLO, P.J., and SAWYER and FITZGERALD,
JJ.

PER CURIAM. Defendant was convicted by a jury of possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(v). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 30 to 180 months' imprisonment, to be served consecutively to an earlier sentence from which he was on parole[1] and without jail credit. Defendant appeals as of right. We affirm.

Defendant's presentence investigation report recommended a prison sentence "with credit for 159 days served." Defendant's sole issue on appeal is whether the trial court erred in declining to apply that time against his sentence for the instant conviction.

Consecutive sentences may be imposed only when specifically authorized by statute. *People v Brown*, 220 Mich App 680, 682; 560 NW2d 80 (1996). Statutory interpretation is a question of law calling for review de novo. *People v Denio*, 454 Mich 691, 698; 564 NW2d 13 (1997). MCL 769.11b provides that if a sentencing court has before it a convict who has served time in jail before sentencing because he or she could not afford or was denied bond, the court must credit that person with time served. MCL 768.7a(2) directs that sentences of persons convicted of felonies committed while on parole for earlier offenses "begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense." This appeal concerns the interplay between these two statutes.

"When a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in jail on the sentence for the new

---

[1] According to the presentence investigation report, the earlier offense was second-degree home invasion, MCL 750.110a(3).

offense." *People v Seiders*, 262 Mich App 702, 705; 686 NW2d 821 (2004). Instead, a parole detainee convicted of a new offense is entitled to have jail credit applied exclusively to the sentence from which parole was granted. *Id.* Credit is not available to a parole detainee for time spent in jail attendant to a new offense because "bond is neither set nor denied when a defendant is held in jail on a parole detainer." *Id.* at 707.

Defendant's reliance on *Wayne Co Prosecutor v Dep't of Corrections*, 451 Mich 569; 548 NW2d 900 (1996), is misplaced. That case concerned the legislative desire to treat parolees who commit new crimes the same as prisoners or escapees who do so. *Id.* at 580. At issue was when the first sentence should end and the second should begin, not how jail credit was to be applied. See *id.* at 583-584.

There is no conflict between *Seiders* and *Wayne Co Prosecutor*. *Seiders* is binding on this Court. MCR 7.215(J)(1). We reject defendant's claim of error.

Affirmed.