PEOPLE v FILIP

Docket No. 277204. Submitted February 12, 2008, at Lansing. Decided
    March 4, 2008. Approved for publication April 22, 2008, at 9:05 a.m.
    Leave to appeal sought.

Jeffrey E. Filip pleaded guilty in the Genesee Circuit Court of felony
    larceny and of performing an occupation without a license. Filip
    was on parole at the time he committed these offenses. Bail had
    been set for the larceny charge, but Filip was unable to post bond.
    The court, Joseph J. Farah, J., sentenced Filip to concurrent prison
    terms of 18 to 60 months for the larceny conviction and 90 days for
    the license violation, with 90 days' credit toward the 90-day
    sentence for time served in jail. Filip filed a motion for resentenc-
    ing to seek 152 days' credit on the sentence for larceny. The court
    granted the requested credit, ruling that MCL 769.11b entitled
    Filip to the credit because of his inability to post bond. The
    prosecution appealed.

    The Court of Appeals held:

    When, as in this case, a defendant violates parole by commit-
    ting a new crime, the defendant does not serve time in jail because
    of an inability to post, or because of a denial of, bond on the new
    charge; rather, the defendant serves time in jail because of a parole
    detainer. Accordingly, MCL 769.11b, which concerns sentence
    credit for inability to post bond, does not apply to this case. Filip is
    entitled to no credit toward his sentence for the larceny conviction.

    Reversed and remanded for amendment of judgment of sen-
    tence.

SENTENCES — CREDITS — JAIL TIME — PAROLE DETAINEES.

    A parole detainee convicted of a new offense is entitled to jail credit
    toward the sentence from which parole was granted, but not
    toward the sentence for the new offense (MCL 791.238[2]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *David S. Leyton,* Prosecuting Attor-
ney, and *Donald A. Kuebler*, Chief, Appeals, Research,
and Training, for the people.

State Appellate Defender (by *Jeanice Dagher-Margosian*) for the defendant.

Before: WHITBECK, P.J., and JANSEN and DAVIS, JJ.

PER CURIAM. The prosecutor appeals by delayed leave granted from the trial court's decision to apply a jail credit against defendant Jeffrey Filip's felony larceny sentence, despite his status as a parole detainee. We reverse and remand for further proceedings. We decide this case without oral argument in accordance with MCR 7.214(E).

### I. BASIC FACTS AND PROCEDURAL HISTORY

The trial court's opinion and order includes a concise statement of the case:

On May 11, 2005[,] [Filip] was arrested for two crimes, larceny by conversion, $1000 or more but less than $20,000, MCL 750.356(3), and Performing an Occupation Without a License, MCL 339.601(3). These crimes are punishable by up to 5 years['] imprisonment and 90 days['] imprisonment, respectively. At the time of the commission of these offenses, [Filip] was on parole.

On August 17, 2005, [Filip] entered guilty pleas to the above charges. On September 17, 2005,[1] [Filip] was sentenced to a prison term of 18 to 60 months for the larceny conviction and 90 days on the license violation, those sentences to run concurrently. [Filip] was awarded 90 days['] credit on the 90 day misdemeanor. No credit was allowed on the felony larceny conviction due to [Filip's] being on parole.

\* \* \*

---

[1] Our review of the lower court record reveals that the sentencing date was actually September 15, 2005; however, this minor discrepancy is ultimately irrelevant given our disposition herein.

The Court's file indicates a $5,000 cash or surety bond was set for the larceny charge and was not posted. Moreover, as [Filip] was on parole, he was detained as a parolee subject to violation as well.

On September 11, 2006, [Filip] filed a motion for resentencing. At bottom, [Filip]'s motion pursue[d] [a] 152 days['] credit on his 18 to 60 month sentence.

More specifically, the issue presented by Filip's motion for resentencing was "whether he should be allowed 152 days['][2] credit for time spent in jail from his May 11, 2005 arrest date to his September 17, 2005 [sic] sentencing date, on his 18-60 month sentence. . . . [Filip] cite[d] statutory, constitutional and equitable grounds for his claimed relief."

In its written opinion on the merits of Filip's claim for resentencing, the trial court noted that the issue involved the interplay of three statutes: MCL 769.11b,[3] MCL 768.7a(2),[4] and MCL 791.238(1) and (2).[5]

---

[2] We also note that according to our calculations, only 127 days passed between May 11, 2005, and September 15, 2005. But, again, given our disposition herein, this discrepancy is irrelevant.

[3] MCL 769.11b states as follows:

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

[4] MCL 768.7a(2) states as follows:

If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

[5] MCL 791.238 states, in pertinent part, as follows:

With respect to MCL 769.11b, the trial court interpreted the statute broadly, noting that (1) "[t]he term 'any person' is not qualified or limited; no references are made to parolees, probationers or first time or repeat offenders"; (2) the statute does not include language to exclude persons held on "multiple reasons for incarceration (i.e., a parole detainer)"; and (3) the statute makes no reference to any other statute serving as an exception to its application. In sum, the trial court concluded that

> [u]nder MCL 769.11b, sentencing credit is statutorily due any person who doesn't post bond and remains in jail until sentencing if that person is convicted of the crime for which he could not post bond. This is so even if the person is a parolee (because the statute makes no such exception) and even if he remains jailed for another reason (a parole detainer), again because the statute makes no such exception. As such[,] MCL 769.11b's mandatory award of credit would seemingly apply to [Filip].

Turning to MCL 768.7a(2), the trial court noted that "[i]t too makes no exception for particular circum-

---

(1) Each prisoner on parole shall remain in the legal custody and under the control of the department. The deputy director of the bureau of field services, upon a showing of probable violation of parole, may issue a warrant for the return of any paroled prisoner. Pending a hearing upon any charge of parole violation, the prisoner shall remain incarcerated.

(2) A prisoner violating the provisions of his or her parole and for whose return a warrant has been issued by the deputy director of the bureau of field services is treated as an escaped prisoner and is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment. *The time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served.* The warrant of the deputy director of the bureau of field services is a sufficient warrant authorizing all officers named in the warrant to detain the paroled prisoner in any jail of the state until his or her return to the state penal institution. [Emphasis added.]

stances and a court sentencing a parolee on a new felony must make that sentence consecutive." However, the trial court also acknowledged that the statute has "nothing to do with sentencing credits." Finally, turning to MCL 791.238(1) and (2), the trial court found ambiguous the portion of subsection 2 that directs that "[t]he time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served." The trial court questioned against which sentence the referenced period should not be counted: "The parole sentence? The new sentence? What if the 'violation' does not involve a new crime . . . ?" The trial court therefore concluded that the above-quoted portion of subsection 2 does not forbid allowing a jail credit for a jailed parolee.

The trial court continued its analysis by expressing disagreement with, and attempting to distinguish, published authority from this Court, specifically, *People v Seiders*[6] and *People v Stead*.[7] According to the trial court, the *Seiders* Court's conclusion that MCL 769.11b does not apply to a parole detainee (which the *Stead* Court followed) took "on the form of judicially created exceptions to the statute." To this end, the trial court noted Michigan Supreme Court decisions stressing that the plain language of a statute must control.[8] On the

---

[6] *People v Seiders*, 262 Mich App 702, 707; 686 NW2d 821 (2004).

[7] *People v Stead*, 270 Mich App 550, 551-552; 716 NW2d 324 (2006).

[8] *People v Williams*, 475 Mich 245, 254-255; 716 NW2d 208 (2006) (overruling prior decisions that held the 180-day rule did not apply to defendants facing mandatory consecutive sentencing as contrary to the plain language of MCL 780.131, which only delineates two exceptions to the 180-day rule); *People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002) (overruling prior decision that read a lawful ownership requirement into the dwelling-house exception of MCL 750.227[2] as contrary to the plain language of the statute); see also *People v Hernandez-Garcia*, 266 Mich App 416, 701 NW2d 191 (2005)

basis of this principle, the trial court concluded that *Seiders* and its progeny were not controlling authority.

The trial court found it significant that bond was set but never posted for Filip. Therefore, applying MCL 769.11b, the trial court concluded that Filip was entitled to 152 days' credit for time served between his arrest and sentence on the felony larceny charge. The prosecutor now appeals.

### II. PAROLE DETAINEE'S ENTITLEMENT TO JAIL CREDIT

#### A. STANDARD OF REVIEW

As articulated by the prosecution, the question here is whether the trial court erred, as a matter of law, in granting Filip, a parole detainee, jail credit, contrary to *Seiders*. We review de novo questions of law regarding statutory interpretation.[9]

#### B. *PEOPLE v SEIDERS*

According to the precedent set by *Seiders*:

> "When a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in jail on the sentence for the new offense." [*Seiders, supra* at 705, citing MCL 791.238(2).] Instead, a parole detainee convicted of a new offense is entitled to have jail credit applied exclusively to the sentence from which parole was granted. *Id.* Credit is not available to a parole detainee for time spent in jail attendant to a new offense because "bond is neither set nor denied when a defendant is held in jail on a parole detainer." *Id.* at 707.[10]

---

(refusing to follow a prior panel's policy-based interpretation of a statute), aff'd in part and vacated in part 477 Mich 1039 (2007).

[9] *Seiders, supra* at 705.

[10] *Stead, supra* at 551-552.

Further explaining its rationale, the *Seiders* Court stated that to apply MCL 769.11b any other way would "constitute[] an unwarranted expansion of the purpose and intent of the statute because it [would] grant[] credit for time served on a sentence for an offense on which the defendant was not incarcerated before sentencing."[11] Stated differently, when a defendant violates parole, the defendant is not serving time in jail because of an inability to pay, or a denial of, bond on the new charge; rather, the defendant is serving time in jail because the defendant is being held on a parole detainer. Therefore, according to *Seiders*, the question of bond is not an issue, and MCL 769.11b does not apply.[12]

### C. MCL 769.11b AND MCL 791.238

As recited above, the trial court concluded that *Seiders* was not binding authority because it created invalid judicial exceptions to the statutory language of MCL 769.11b. We disagree. Indeed, we conclude that the trial court misinterpreted *Seiders* as creating an exception to the plain language of MCL 769.11b when *Seiders* simply ruled that the plain language of MCL 769.11b is inapplicable under circumstances where a parolee is held on new charges that constitute a parole violation.

MCL 791.238(1) provides that a parolee remains legally in the custody of the Department of Corrections, and that "[p]ending a hearing upon any charge of parole violation, the prisoner shall remain incarcerated." This provision unambiguously declares that parole violators cannot avoid confinement pending resolution of the violation proceedings. Such a period of incarceration

---

[11] *Seiders, supra* at 707.

[12] *Id.* ("A parolee who is arrested for a new offense and is incarcerated on a parole detainer serves jail time on the paroled offense.")

thus constitutes part of the original sentence and in that sense is credited against it. Moreover, "denied," as used in MCL 769.11b, implies the exercise of discretion, not the recognition of outright ineligibility. For that reason, MCL 769.11b simply does not apply to parole detainees. Therefore, the trial court erred in setting bond for Filip in the first instance. Simply put, the erroneously granted possibility of posting bond did not secure Filip any rights under MCL 769.11b. In sum, contrary to the trial court's ruling, *Seiders* governs and must be applied.[13]

Filip argues that because a parolee has necessarily served his or her minimum sentence, the parolee could never get credit for jail incarceration stemming from a new violation. We disagree. MCL 791.238(2) specifically dictates that a parole violator "is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment." And any remaining portion of the original sentence must be served before a sentence for a second offense may begin.[14] Thus, just because a parolee has served his or her minimum sentence, it does not follow that the credit must therefore be applied against his or her new sentence when he or she remains liable to continue serving out the maximum sentence. Moreover, if a defendant is not required to serve additional time on the previous sentence because of the parole violation, then the time served is essentially forfeited.[15]

Filip further argues that *Seiders* is distinguishable because it involved a defendant who committed his new crime while on parole from a foreign jurisdiction, whereas this case concerns only Michigan crimes. But

---

[13] MCR 7.215(J)(1).

[14] MCL 768.7a(2).

[15] See, e.g., *People v Holloway*, unpublished opinion per curiam of the Court of Appeals, issued April 27, 2006 (Docket No. 258671).

this is a distinction without a difference. In either situation, the incarceration of a parole detainee is not credited toward the new sentence. Further, *Stead* is also binding authority and that case concerned only Michigan crimes.

In sum, we reverse the award of sentencing credit in connection with Filip's larceny conviction and remand the case to the trial court with instructions that it prepare an amended judgment of sentence that reflects zero sentencing credit.

Reversed and remanded. We do not retain jurisdiction.