# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 16, 2009

Marilyn Kelly,
Chief Justice

136716

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
 Plaintiff-Appellee,

v

SC: 136716
COA: 275446
St. Clair CC: 06-001453-FH

MICHAEL ANTHONY KNIGHT,
 Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the May 27, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).

I would grant leave to appeal to consider whether the Court of Appeals opinion in *People v Filip*[1] misstates the law by concluding that MCL 769.11b does not apply to parole detainees. Its holding, which was relied on by the lower court in this case, does not seem to flow from the language of the statute. We denied leave to appeal in *Filip* because it was moot. But this case is not moot.

Although the Court has refused to address the parole sentencing issue presented in this case on numerous occasions,[2] the issue does not go away. The large number of applications for leave to appeal on this issue suggests that lower courts and litigants would profit from the clarification this Court could provide.

The Court should grant leave to appeal to consider this jurisprudentially significant issue.

_____

[1] *People v Filip*, 278 Mich App 635 (2008).

[2] See, e.g., *People v Willavize*, 482 Mich 897 (2008)*; People v Patterson,* 482 Mich 895 (2008); *People v Rodgers,* 482 Mich 894 (2008).

CAVANAGH, J., joins the statement of KELLY, C.J.

HATHAWAY, J., not participating. To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 16, 2009

_____
Clerk

p0113