PEOPLE OF THE STATE OF MICHIGAN, Plaintiff-Appellee,
v.
DANTE ERIC WELLS, Defendant-Appellant.
No. 280910.
Court of Appeals of Michigan.
February 24, 2009
Before: Whitbeck, P.J., and O'Connell and Owens, JJ.

UNPUBLISHED
PER CURIAM.
After a jury trial, defendant Dante Eric Wells was convicted of one count of armed robbery, MCL 750.529, and was sentenced to 120 to 600 months' imprisonment. He appeals as of right. We affirm. This appeal has been decided without oral argument pursuant to MCR 7.214(E).
Defendant first argues that the trial court erred in denying his motion to suppress the statements that he made to the police after he requested an attorney. However, the trial court granted defendant's motion to suppress and did not admit any statements that defendant made to the police. Therefore, defendant's claim of error lacks merit.
Next, defendant argues that a reference to his parole status at the end of a video shown to the jury was not offered for a proper purpose and that the trial court improperly denied his motion for a mistrial because the error is constitutional and not harmless. We disagree. "We review for an abuse of discretion a trial court's decision on a motion for a mistrial." People v Bauder, 269 Mich App 174, 194; 712 NW2d 506 (2005). A trial court should grant a mistrial "only for an irregularity that is prejudicial to the rights of the defendant, and impairs his ability to get a fair trial." People v Haywood, 209 Mich App 217, 228; 530 NW2d 497 (1995) (internal citations omitted). "A mistrial should be granted only where the error complained of is so egregious that the prejudicial effect can be removed in no other way." People v Gonzales, 193 Mich App 263, 266; 483 NW2d 458 (1992).
Although this reference might be considered inferentially prejudicial, a fleeting reference to defendant's status as a "parole detainer" did not deny defendant a fair trial. The trial court cured any potential prejudice caused by the statement when it immediately instructed the jury to disregard the testimony. People v Graves, 458 Mich 476, 486; 581 NW2d 229 (1998); People v Abraham, 256 Mich App 265, 279; 662 NW2d 836 (2003) ("Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors."). Accordingly, the trial court did not abuse its discretion in refusing to grant defendant's motion for a mistrial.
Next, defendant argues that his sentence violates both the federal and state constitutions.[1] Essentially, defendant argues that his sentence constitutes cruel and unusual punishment. "However, a sentence that falls within the guidelines range is presumptively proportionate, and a sentence that is proportionate is not cruel or unusual punishment." People v Powell, 278 Mich App 318, 323; 750 NW2d 607 (2008) (internal citations omitted). Here, the minimum sentence was within the range of 108 to 180 months' imprisonment recommended by the guidelines, and the maximum sentence was within the statutory maximum of life imprisonment or any term of years. Therefore, defendant's sentence was not cruel and unusual and thus was not unconstitutional.
Defendant claims that the trial court failed to articulate why the maximum sentence was set at 600 months' imprisonment. However, defendant could have been sentenced to a maximum term of life or any lesser term of years, so his maximum sentence fell within the statutorily required maximum. MCL 750.529. Defendant's sentence is proportionate and, therefore, constitutional. Defendant also asserts that the trial court failed to state why the sentence was proportionate, failed to have his rehabilitative potential assessed and therefore did not have accurate information, failed to consider his rehabilitative potential, and failed to depart downward based on his history of substance abuse. "The articulation requirement is satisfied if the trial court expressly relies on the sentencing guidelines in imposing the sentence or if it is clear from the context of the remarks preceding the sentence that the trial court relied on the sentencing guidelines." People v Conley, 270 Mich App 301; 715 NW2d 377 (2006). This Court explained the purpose of the articulation requirement as follows:
A trial court must articulate its reasons for imposing a sentence on the record at the time of sentencing. "The purpose of the articulation requirement is to aid appellate review and avoid injustice on the basis of error at sentencing." The articulation requirement is satisfied if the trial court expressly relies on the sentencing guidelines in imposing the sentence or if it is clear from the context of the remarks preceding the sentence that the trial court relied on the sentencing guidelines. [Id. at 313 (internal citations omitted).]
Here, the trial court referenced the presentence investigation report and recited the guidelines range before sentencing defendant. Nothing more was necessary to satisfy the articulation requirement. Although an assessment of rehabilitative potential might have provided more complete information, this does not render the information that the trial court relied on inaccurate. Because there was no scoring error or inaccurate information, we affirm defendant's sentence.
Finally, defendant argues that pursuant to MCL 769.11b, he should have received credit for time served in jail against his sentence for the armed robbery conviction.[2] We disagree. Defendant was on parole at the time of this offense, and a parole detainer had been issued. In People v Stead, 270 Mich App 550, 551-552; 716 NW2d 324 (2006), this Court stated:
"When a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in jail on the sentence for the new offense." People v Seiders, 262 Mich App 702, 705; 686 NW2d 821 (2004). Instead, a parole detainee convicted of a new offense is entitled to have jail credit applied exclusively to the sentence from which parole was granted. Id. Credit is not available to a parole detainee for time spent in jail attendant to a new offense because "bond is neither set nor denied when a defendant is held in jail on a parole detainer." Id. at 707.
Defendant argues that Seiders was wrongly decided because the Court did not follow basic rules of statutory construction. In support, he cites the trial court's opinion in People v Filip, 278 Mich App 635; 754 NW2d 660 (2008). However, in Filip, this Court reversed the trial court and followed Seiders. Defendant's argument lacks merit.[3]
Affirmed.
NOTES
[1] We review an unpreserved sentencing challenge and assertions of constitutional error for plain error affecting the defendant's substantial rights. People v Carines, 460 Mich 750, 763-764, 774; 597 NW2d 130 (1999).
[2] We review de novo questions of law regarding statutory interpretation. People v Cleveland Williams, 475 Mich 245, 250; 716 NW2d 208 (2006).
[3] Defendant also argues that a constitutional violation occurs when a defendant spends time in jail in excess of the maximum sentence for the earlier offense. We need not address this question because the record does not indicate that such a situation occurred in this case.