*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 17, 2025
3:10 PM

Plaintiff-Appellee,

v

No. 372293
Kent Circuit Court
LC No. 22-000205-FH

JOSHUA BERNARD MOORE,

Defendant-Appellant.

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

After pleading guilty to possession with intent to deliver methamphetamine, MCL 333.7401(2)(b)(*i*), and possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), the trial court sentenced defendant, Joshua Bernard Moore, to 8 to 20 years' imprisonment and 1 to 20 years' imprisonment, respectively, with 4 days' jail credit. Moore appeals by leave granted,[1] challenging the amount of jail credit he received. We agree with the prosecution that Moore was entitled to 185 days' jail credit and reject Moore's claim that he was entitled to 502 days' jail credit. We therefore vacate the judgment of sentence and remand this case to the trial court for correction of Moore's sentencing credit. We also direct the trial court to amend Moore's presentence investigation report (PSIR) to indicate that Moore was sentenced in LC No. 23-003724-FH on September 20, 2023, rather than July 12, 2023.

## I. RELEVANT FACTS

Police arrested Moore for the charges in this case on December 13, 2021. At that time, Moore was serving a probationary sentence after pleading guilty in an earlier case. On December 15, 2021, Moore pleaded guilty to violating his probation in the earlier case. The trial court in that case revoked his probation and sentenced him to 365 days in jail. Moore completed his jail sentence on May 23, 2022, but was held in jail on the instant charges until he posted bond

---

[1] *People v Moore*, unpublished order of the Court of Appeals, entered October 23, 2024 (Docket No. 372293).

on May 27, 2022. Thereafter, Moore failed to appear at a July 27, 2022 status conference. The trial court revoked his bond and issued a bench warrant for his arrest. On March 28, 2023, police arrested Moore and brought him into custody on multiple cases, including the instant case.

On May 31, 2023, Moore pleaded guilty in three unrelated cases: LC No. 22-005880-FH, LC No. 23-003440-FH, and LC No. 23-003724-FH. On September 20, 2023, the trial court sentenced him in those cases to terms of imprisonment with 177 days' jail credit. Moore then pleaded guilty in the instant case on January 19, 2024. On February 28, 2024, the trial court sentenced Moore as previously described. At sentencing, Moore argued that he was entitled to 502 days' jail credit. The trial court disagreed and determined that he was entitled only to four days' jail credit for the period from May 23, 2022 to May 27, 2022. This appeal followed.

## II. ANALYSIS

Moore argues that he was entitled to 502 days' jail credit for the periods from December 13, 2021 to May 27, 2022, and March 28, 2023 to February 28, 2024, because he was incarcerated pending trial on the instant charges during that time. The prosecution agrees that the trial court miscalculated Moore's jail credit, but it asserts that Moore was entitled to only 185 days' jail credit: 3 days from December 13, 2021 to December 15, 2021; 5 days from May 23, 2022 to May 27, 2022; and 177 days from March 28, 2023 to September 20, 2023. We agree with the prosecution.

We review de novo as a matter of law questions involving the amount of jail credit to which a defendant is entitled. *People v Filip*, 278 Mich App 635, 640; 754 NW2d 660 (2008). We also review de novo as a matter of law questions involving statutory interpretation. *Id*.

MCL 769.11b governs credit for time that a defendant serves in jail before sentencing. *People v Bailey*, 330 Mich App 41, 64; 944 NW2d 370 (2019). That provision states, in relevant part:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond *for the offense of which he is convicted*, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing. [Emphasis added.]

The primary purpose of MCL 769.11b is to equalize, as much as possible, the status of an accused who cannot afford to post bond with that of an accused who can afford to post bond. *People v Prieskorn*, 424 Mich 327, 340, 343; 381 NW2d 646 (1985). As recognized in MCL 769.11b, a defendant is not entitled to credit for all presentence time served, but rather, only for time served for the offense of which the defendant is convicted. *Id*. at 341.

Moore correctly argues, and the prosecution agrees, that he was entitled to credit for time served from December 13, 2021 to December 15, 2021, and from May 23, 2022 to May 27, 2022. Police arrested Moore in this case on December 13, 2021, and he was sentenced to a 365-day jail term in a different case on December 15, 2021. After completing that jail term on May 23, 2022, he was held in jail for the instant case until he furnished bond on May 27, 2022. Because defendant was held in jail on the instant charges, i.e., the offenses of which he was convicted, during the

eight days from December 13, 2021 to December 15, 2021, and from May 23, 2022 to May 27, 2022, Moore was entitled to sentence credit for those eight days in accordance with MCL 769.11b.

However, Moore was not entitled to credit for the time served from December 15, 2021 to May 23, 2022. The facts in this case are similar to those in *People v Givans*, 227 Mich App 113, 125-126; 575 NW2d 84 (1997), in which this Court held that when a defendant serves presentence jail time in multiple cases, he is not entitled to jail credit for time served after sentencing in a different case. In *Givans*, the defendant was arrested for armed robbery in Washtenaw County on December 1, 1992, and pleaded guilty on January 12, 1993. *Id*. at 125. On January 13, 1993, the defendant was arrested on Wayne County charges and did not post bond. *Id*. Thereafter, he pleaded guilty to assault in Wayne County. On March 25, 1993, the defendant was sentenced to a prison term in the Washtenaw County case. On September 28, 1995, the trial court sentenced him on the assault convictions in Wayne County. *Id*. This Court affirmed the trial court's determination in the Wayne County case that the defendant was entitled to sentence credit only for the time served from January 13, 1993 to March 25, 1993, "[b]ecause after March 25, 1993, defendant was incarcerated not for the charges in the present case, but for the Washtenaw County conviction . . . ." *Id*. at 126. In the instant case, as in *Givans*, Moore was not entitled to sentence credit for his time served from December 15, 2021 to May 23, 2022, because he began serving his 365-day jail sentence in a different case on December 15, 2021.

Under the same reasoning, Moore was entitled to 177 days' credit for the time he spent in jail from March 28, 2023, when he was arrested in this case and other cases, to September 20, 2023, when he was sentenced in LC No. 22-005880-FH, LC No. 23-003440-FH, and LC No. 23-003724-FH.[2] The trial court determined that Moore was not entitled to sentence credit for that time period because he had already received a 177-day credit against his sentences imposed on September 20, 2023. Moore argues, and the prosecution agrees, that the sentence credit that Moore accrued from March 28, 2023 to September 20, 2023, should also apply to this case. As previously discussed, the only requirement for jail credit set forth in MCL 769.11b is that a defendant serve time "for the offense of which he is convicted." Although Moore was arrested on March 28, 2023, for offenses in multiple cases, one of those cases was the instant case pursuant to the bench warrant. We therefore conclude that Moore was serving presentence jail time for all the offenses and that his accrued jail credit from March 28, 2023 to September 20, 2023, should have been applied to his sentence in this case as it was applied to his sentences in the three other cases.

Accordingly, Moore was entitled to a total of 185 days' jail credit: 3 days from December 13, 2021 to December 15, 2021; 5 days from May 23, 2022 to May 27, 2022; and 177 days from March 28, 2023 to September 20, 2023. As such, we remand this case to the trial court for correction of Moore's jail credit. Further, we direct the trial court to amend Moore's PSIR to

---

[2] Moore's PSIR erroneously indicates that he was sentenced in LC No. 23-003724-FH on July 12, 2023. The prosecution correctly indicates that Moore was sentenced on September 20, 2023, in that case.

reflect that he was sentenced on September 20, 2023, in LC No. 23-003724-FH.

Vacated and remanded. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett