# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 5, 2006

128424 & (16)

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

DAVID ALAN WRIGHT,
        Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128424
COA: 259880
Oakland CC: 2002-187071-FH

By order of November 9, 2005, we directed the prosecutor to answer defendant's application and invited the Attorney General to respond on behalf of the Michigan Department of Corrections. On order of the Court, both briefs having now been filed and considered, the application for leave to appeal the February 28, 2005 order of the Court of Appeals is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

I would grant leave to appeal for the reasons stated in my dissenting statement in *People v Conway* (Docket No. 129431), ___ Mich ___ (2006).

MARKMAN, J., dissents and states as follows:

I dissent from the majority's decision to deny leave to appeal. MCL 768.7a(2) provides that the term of imprisonment for a person convicted of a felony committed while the person was on parole from a sentence for a previous offense "shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense." Because there is no indication here that the Department of Corrections (DOC) added an additional period of incarceration for the previous offense, I believe that defendant is likely entitled to 419 days of jail credit for time served. I would grant defendant's application for leave to appeal in order to review the process by which the DOC calculates jail credit in this type of situation.

Defendant broke into a garage attached to a home in Oakland County, stole a car, and was arrested in Wayne County. He was convicted after a bench trial of receiving and concealing stolen property (RCSP) over $20,000, MCL 750.535, and sentenced on October 30, 2002, to 16 months to 10 years in prison, consecutive to the sentence for which he was on parole at the time of the offense (a separate breaking and entering offense). Over a year later, he pleaded guilty to home invasion, MCL 750.110a, for breaking into the aforementioned attached garage and was sentenced in Oakland County on December 22, 2003, to 78 months to 20 years in prison, concurrent to the sentence for RCSP but consecutive to any sentence for a parole violation that may have resulted. The sentencing judge stated on the record that he did not object to defendant receiving credit for the 419 days between the two sentencing proceedings if the DOC did not proceed on a parole violation. The judgment of sentence, however, did not reflect this statement and was silent about jail credit. Defendant then moved in the trial court to amend his judgment of sentence to reflect the judge's statement on the record, but the trial court denied the motion. The Court of Appeals denied defendant's delayed application for leave to appeal for lack of merit.

MCL 768.7a(2) provides:

(2) If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense *shall begin to run at the expiration of the remaining portion* of the term of imprisonment imposed for the previous offense. [Emphasis added.]

Defendant argues that as of October 30, 2002, his sentence began to run on the RCSP charge, so there could be no "remaining portion" of the prior offense, i.e., he received no formal addition of time to his prior sentence for violating parole. As such, the sentence for the later home invasion conviction (which arose from the same events as the RCSP conviction) should have begun to run on that date.

Defendant was neither entitled to statutory jail credit nor automatically precluded from having the time between sentences count toward his new sentence. It is within the discretion of the DOC to determine how much time defendant must spend on which sentence in fashioning a new parole eligibility date. However, it appears that there is no existing legal remedy for a defendant to obtain this determination, because the DOC has not been exercising its discretion in this regard. Rather, as here, whether a defendant receives "credit" is arbitrarily determined by how long it takes the defendant to proceed to sentencing on the new offense, because it appears the DOC simply runs the new sentence from the date of sentencing, applying credit only if the trial court grants it. In other words, because of the DOC's inaction with regard to parole violations, the time spent incarcerated before sentencing on the new offense becomes the de facto additional "remaining portion" of the sentence imposed for the parole violation on the prior offense.

However, defendant is effectively in a Catch-22 situation because the judge expressed a willingness to grant defendant credit if the DOC did not proceed on a parole violation, i.e., he deferred to the DOC to make the determination, but the DOC simply deferred to the trial judge's judgment of sentence.

Because the DOC has an apparent practice of simply starting a new sentence as of the date of sentencing -- regardless of how long the defendant has been incarcerated on the charge before sentencing -- without actually making a determination of a fixed additional period of time to be served for the parole violation, there is a potential for substantial unfairness in cases such as the instant one. Here, a defendant is serving presentence jail time that is neither formally imposed for a violation of parole, nor credited to the sentence that is eventually imposed for the later crime. Because the length of that indefinite interim period of incarceration is not dependent on an official determination of how much time should be served for a violation, but rather is solely dependent on the fortuity of how long it takes the criminal justice system to proceed to a defendant's final sentencing, the DOC's practice in this regard leads to a result that seems wholly arbitrary. Similarly situated defendants might serve widely disparate interim periods of incarceration on the basis of such factors as how efficient or backlogged the prosecutor is in a given county, whether the defendant chooses to pursue an appeal, or even whether the date of sentencing has to be postponed because the judge calls in sick.

While defendant is not entitled to statutory jail credit under MCL 769.11b, as he was not serving time because he was denied or unable to post bond, he *is* entitled, as are equally situated defendants, see e.g., *People v Conway*, ___ Mich ___ (2006), to a decision regarding how much, if any, additional time must be served for the parole violation. However, this is a decision that seems never to be made by the DOC.

Because the current process for determining periods of incarceration may be incompatible with a consistent rule of law, I believe that it requires this Court's review. I would grant defendant's application for leave to appeal.

CAVANAGH, J., concurs in the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 5, 2006

_Corbin R. Davis_
Clerk

d0502