# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 5, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

129431

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

DERRICK CONWAY,
        Defendant-Appellant.

_____/

SC: 129431
COA: 252852
Saginaw CC: 01-019930-FC

On order of the Court, the application for leave to appeal the August 2, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, J., dissents and states as follows:

Defendant was convicted by a jury of first-degree criminal sexual conduct and assault with intent to commit criminal sexual conduct. On appeal, the Court of Appeals reversed the first-degree criminal sexual conduct conviction and remanded the case for defendant to be resentenced. At resentencing, defendant argued that he was entitled to 26 months of sentencing credit. The trial court denied the request, and the Court of Appeals affirmed. Unpublished opinion per curiam issued August 2, 2005 (Docket No. 252852).

It has become apparent that the sentencing credit problems here arise from practices of the state Department of Corrections (DOC). I would grant leave in this case to explore the issues presented by the DOC's handling of sentencing credit in this and in many similar cases.

There is reason to believe that the DOC is committing a real injustice against prisoners who seek credit for time spent in jail awaiting trial and appeal. The problem involves those who were on parole when they committed a felony and then were arrested and jailed pending trial and appeal.

The problem, not one that this Court has addressed before, is that the DOC arbitrarily treats similarly situated individuals differently. The DOC has apparently adopted an across-the-board practice. It treats the time those individuals were jailed as equal to the time not completed on the conviction for which they were on parole when the second offense occurred. At first blush, this may appear to be evenhanded and fair to all. But, on closer inspection, it becomes clear that similarly situated individuals are being treated very differently. The difference in treatment is not reasoned, but arbitrary.

By way of illustration, assume *A* and *B* are both convicted of assault with intent to do great bodily harm less than murder. They are sentenced to five to ten years in prison. Both serve five years and are paroled. While on parole, both *A* and *B* commit an assault and are again charged with assault with intent to do great bodily harm less than murder. After 30 days in jail awaiting trial, *A* pleads guilty of felonious assault and is sentenced to two to four years in prison. The DOC, following its current policy, considers *A*'s new sentence to have begun on the day he was sentenced, without credit for the 30 days. Hence, *A* starts immediately serving his new sentence for the second assault, and the DOC effectively counts the 30 days in jail as the time remaining on *A*'s first sentence.

But *B* decides to go to trial and is convicted by a jury of felonious assault. He appeals and his conviction is overturned on appeal. *B* is retried and found guilty. He receives the same sentence as *A*, two to four years in prison. By then he has spent 26 months in jail or prison awaiting trial and appeal. Again, applying its current practice, the DOC perfunctorily considers *B*'s new sentence to have begun on the day he was sentenced without credit for the 26 months. Effectively it credits *B* with the 26 months on his old sentence and starts him on his new sentence immediately. Now assume further that *A* and *B* both serve two years for their second assault conviction and are released. *B* will have been incarcerated 25 months longer than *A* without individualized consideration and without regard to *B*'s worthiness for parole relative to *A*.

Equally or more serious than the injustice of arbitrarily treating similarly situated inmates differently is this problem: The less parole-worthy individual could serve less time. Returning to my hypothetical case, assume *A* had a longer or more severe prior record, committed a more heinous offense, or was otherwise less suitable for parole. *A* could serve *less* time than *B* if *A* pleaded guilty rather than going to trial and pursuing an appeal. The reality is that defendants who plead guilty are incarcerated for a shorter time than defendants tried before a jury. *B* might serve less time even if *A* got a longer sentence for the second offense. This would occur if the time it took to get through trial or appeal was longer than the extra time *A* got on the new sentence. The dangerous defendants who plead guilty could get out earlier than they should, whereas the less dangerous who choose trial and any resulting appeal could stay longer.

I believe that these are important issues that have arisen because of the DOC's handling of sentencing credit accrued by prisoners who were on parole when they

committed a felony.  This Court should grant leave to appeal in this case to explore these issues.

MARKMAN, J., dissents and states as follows:

For the reasons set forth in my dissenting statement in *People v Wright* (Docket No. 128424), ___ Mich ___ (2006), I also dissent from the majority's decision to deny leave to appeal in this case.

As I noted in *Wright*, it appears that whenever a parolee-defendant is sentenced on a new offense, the Department of Corrections (DOC) fails to make a formal determination regarding the amount, if any, of additional time a defendant is required to serve for the parole violation on the prior sentence.  Instead, the DOC simply counts whatever time the parolee spent incarcerated between arrest and sentencing as the "remaining portion" of the earlier sentence for purposes of MCL 768.7a(2) and begins the new offense sentence on the date of sentencing. In other words, an essentially arbitrary period of time becomes a de facto sentence imposed for violating parole.

Here, defendant successfully challenged one of his convictions on appeal, and the Court of Appeals remanded the remaining conviction for correction of errors in scoring offense and prior record variables.  Unpublished opinion per curiam issued August 2, 2005 (Docket No. 252852).  Defendant was then resentenced on that conviction, some 26 months after the original (preappeal) sentencing. However, it appears that the DOC considers the start date for defendant's sentence on that conviction to be the postappeal, rather than the original, sentencing date.  Had defendant not appealed the instant convictions, his sentence for those convictions would have begun to run on the date of his original sentencing.

Given the DOC's practice, set forth more fully in *Wright*, the intervening 26 months was not credited toward defendant's sentence, but was simply "tacked on" to the prior, paroled  sentence.  If the additional time had been calculated as of defendant's *original* sentencing date -- which it would have been under the DOC's practice had defendant not appealed -- rather than as of his postappeal *resentencing* date 26 months later, he would have begun serving his new sentence on that date.  The result is that defendant received an additional 26 months imprisonment for exercising his right to appeal.  In such a case, a consistent rule of law would seem to require that defendant be given credit for this time.

Because the current process for determining periods of incarceration appears to be arbitrary, I believe that it requires this Court's review.  I would grant defendant's application for leave to appeal.

CAVANAGH, J., concurs in the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 5, 2006

Clerk