# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 11, 2008

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

132805 & (36)

PEOPLE OF THE STATE OF MICHIGAN,
   Plaintiff-Appellee,

v

THOMAS HOWARD MCDANIEL,
   Defendant-Appellant.

SC: 132805
COA: 264706
Oakland CC: 03-190643-FH

_____/

   By order of September 21, 2007, the prosecuting attorney was directed to answer the application for leave to appeal the November 14, 2006 judgment of the Court of Appeals.  On order of the Court, the answer having been received, the application for leave to appeal is again considered.  Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and we REMAND this case to the Oakland Circuit Court.  The defendant began serving his sentence in this case no later than the date of his original sentencing proceeding on September 26, 2003.  That sentence was later vacated as an unwarranted departure from the statutory sentencing guidelines.  As a result, the court was required to grant the defendant credit for time served on the void sentence the defendant was serving while his appeal was pending, i.e., for time served between the date of the original sentencing and the date of the resentencing.  MCL 769.11a; MCL 769.34(12).  On remand, the circuit court shall determine the appropriate amount of credit due and amend the defendant's judgment of sentence to reflect the proper amount of credit for time served.

   We do not retain jurisdiction.

   KELLY, J., concurs in part and dissents in part and states as follows:

   I would grant leave to appeal in this case.  Defendant is clearly entitled to the relief available under MCL 769.11a and MCL 769.34(12).  However, I believe this Court should address the broader sentencing questions raised in cases like this one involving prisoners who have committed a felony while on parole.  The parole board has failed to determine how much of the remaining portion of the term of imprisonment imposed for

the previous offense must be served by such a defendant. Justice Markman and I explained in *People v Wright*[1] and *People v Conway*[2] that this leads to arbitrary and inconsistent results. These issues are complicated, and confusion about them abounds among judges and members of the bar alike. We should take the opportunity presented here to explore these issues.

---

[1] *People v Wright,* 474 Mich 1138 (2006).

[2] *People v Conway,* 474 Mich 1140 (2006).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 11, 2008

d0408

Clerk