# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 31, 2008

136903

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

JAMES WILLIAMS,
        Defendant-Appellant.

SC: 136903
COA: 285155
Calhoun CC: 07-001330-FH

_____/

On order of the Court, the application for leave to appeal the May 27, 2008 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I write separately only to reiterate the concerns expressed in my dissenting statement in *People v Wright*, 474 Mich 1138 (2006). In *Wright*, I stated that parolees are entitled to a determination "regarding how much, if any, additional time must be served for the parole violation." *Id.* at 1140. Currently, parolees receive no such determination and remain in jail for an indeterminate length of time for their parole violation until they are sentenced for the newly committed crime. The result is that similarly situated parolees often receive an unequal amount of additional time on the basis of "the fortuity of how long it takes the criminal justice system to proceed to a defendant's final sentencing." *Id*.

Within the past two years, this Court has received at least 60 applications for leave to appeal on this issue. Regardless of the eventual outcome in this Court, resolving this issue would provide a significant benefit to the operations of our state's legal system, and would provide important guidance for parole violators, trial judges, and the Department of Corrections. I believe it is long past time for the Court to conclusively resolve this question.

CAVANAGH, J., joins the statement of MARKMAN, J.

KELLY, J., would grant leave to appeal for the reasons set forth in her dissenting statement in *People v Conway*, 474 Mich 1140 (2006).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 31, 2008

Clerk

p1028