# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KARON CORTEZ CRENSHAW,

      Defendant-Appellant.

UNPUBLISHED
May 19, 2015

No. 320068
Wayne Circuit Court
LC No. 09-023757-FC

Before: HOEKSTRA, P.J., and SAWYER and BORRELLO, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of armed robbery, MCL 750.529, possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court originally sentenced defendant as a second habitual offender, MCL 769.10, to 15 to 30 years' imprisonment for each armed robbery conviction, 1 to 7 ½ years' imprisonment for the felon-in-possession conviction, and a consecutive two years' imprisonment for the felony-firearm conviction. Following defendant's appeal as of right, this Court affirmed defendant's convictions, but, due to a scoring error relating to offense variable 13, vacated defendant's armed robbery sentences and remanded to the trial court for resentencing.[1] On remand, the trial court resentenced defendant, as a second habitual offender, MCL 769.10, to 10 ½ to 20 years' imprisonment for each armed robbery conviction. The trial court did not, however, change defendant's sentences for felon-in-possession and felony-firearm, which remained at 1 to 7 ½ years' imprisonment for the felon-in-possession conviction and a consecutive two years' imprisonment for the felony-firearm conviction. Following resentencing, defendant again appeals as of right, challenging solely the accuracy of the sentencing credit he received on remand. Because defendant received the correct amount of sentencing credit relative to the date his sentences began, we affirm.

At issue in the present appeal is whether, at resentencing, the trial court accurately assessed the amount of jail credit owed defendant for time served. Relevant to resolution of this

---

[1] *People v Crenshaw*, unpublished opinion per curiam of the Court of Appeals, issued April 10, 2012 (Docket No. 301668).

-1-

issue, when originally sentenced on May 20, 2010, defendant was given jail credit for 274 days which was applied to his felony-firearm conviction. By the time of his resentencing on January 13, 2014, defendant had been incarcerated for a total of 1608 days, including the 274 days before his original sentencing. At resentencing, as noted, the trial court resentenced defendant in connection with his armed robbery convictions to 10 ½ to 20 years' imprisonment. The trial court did not, however, alter the sentences for defendant's felon-in-possession or felony-firearm convictions, nor did the trial court alter the amount of jail credit received. Defendant's felon-in-possession sentence remained at 1 to 7 ½ years' imprisonment and his felony-firearm consecutive sentence remained at two years' imprisonment with 274 days' jail credit applied to the felony-firearm sentence. Notably, while the "sentence date" for the armed robbery convictions was updated to January 13, 2014 on the new judgment of sentence, the "date sentence begins" for *all* of defendant's convictions remained at May 20, 2010.

Based on these facts, on appeal, defendant argues that the trial court erred by failing to award him the proper amount of jail credit at resentencing. According to defendant, the error arises because the judgment of sentence entered pursuant to his resentencing is dated January 13, 2014 but he was only given jail credit for 274 days, which is the amount of credit he was due at his original sentencing on May 20, 2010. Defendant maintains that in actuality, given the January 13, 2014 date on the new judgment of sentence, he was entitled to a total of 1608 days jail credit with the first 730 days applied to his consecutive felony-firearm sentence and the remaining 878 days applied against his other three concurrent sentences. We disagree and, based on the facts of this case, we find that defendant has received the correct amount of jail credit in relation to the date his sentences commenced.

This Court reviews de novo a defendant's claim that he was entitled to sentencing credit. *People v Patton*, 285 Mich App 229, 238; 775 NW2d 610 (2009). Pursuant to MCL 769.11b, at sentencing, a defendant who was unable to post bond is entitled to credit for all time already served in jail for the offense for which he is convicted. See *Patton*, 285 Mich App at 238-239. In addition, under MCL 769.11a, "when a void sentence is set aside and a new sentence is imposed, any time served with regard to the void sentence must be credited against the sentence then imposed." *People v Lyons*, 222 Mich App 319, 321; 564 NW2d 114 (1997). In full, MCL 769.11a provides:

> Whenever any person has been heretofore or hereafter convicted of any crime within this state and has served any time upon a void sentence, the trial court, in imposing sentence upon conviction or acceptance of a plea of guilty based upon facts arising out of the earlier void conviction, shall in imposing the sentence specifically grant or allow the defendant credit against and by reduction of the statutory maximum by the time already served by such defendant on the sentence imposed for the prior erroneous conviction. Failure of the corrections commission to carry out the terms of said sentence shall be cause for the issuance of a writ of habeas corpus to have the prisoner brought before the court for the taking of such further action as the court may again determine.

Thus, for example, when a defendant begins serving a sentence and that sentence is vacated on appeal, at resentencing on remand he is entitled to credit for the time he served on the void sentence, "i.e., for the time served between the date of the original sentencing and the date of

resentencing." *People v McDaniel*, 480 Mich 1162; 746 NW2d 867 (2008). See also MCL 769.34(12) ("Time served on the sentence appealed under this section is considered time served on any sentence imposed after remand.").

In the present case, defendant was entitled to 274 days credit for time spent in jail before his original sentencing, MCL 769.11b, as well as credit at resentencing for the time he served between the date of his original sentencing and the date of his resentencing, for a total of 1608 days. See MCL 769.11a; MCL 769.34(12); *McDaniel*, 480 Mich at 1162. We nonetheless conclude that defendant is not entitled to relief on appeal because he has received the credit in question and defendant has not shown any prejudice arising from the manner in which the trial court completed the judgment of sentence. That is, while the judgment of sentence entered on remand is dated January 13, 2014, it plainly and unequivocally states that the "date sentence begins" for *all* of defendant's convictions is May 20, 2010, i.e., the date of his original sentencing. In other words, rather than credit defendant with 1608 days for a sentence beginning on January 13, 2014, the trial court credited defendant with 274 days for a sentence which began on May 20, 2010. The end result is the same because either way, as of January 13, 2014, defendant would have served 1608 days on the sentence imposed at resentencing.[2] See MCL 769.34(12). In short, the credit to which defendant is entitled was reflected in the facts that May 20, 2010 was selected as the "date sentence begins" and that he was given credit for the 274 days served before that date. See *Booker v Groat*, 7 Mich App 705, 709; 153 NW2d 178 (1967) (stating that a trial court could afford a defendant sentencing credit by giving a defendant credit for time served or by fixing the "date of commencement of sentence").

Although it is true that the trial court could have stated that defendant's sentence began on January 13, 2014 and credited defendant with 1608 days at that time, defendant cites no authority indicating that use of the earlier May 20, 2010 "sentence begins" date was improper, and he fails to explain how he was prejudiced by the use of this earlier date given that use of this date in no way substantively impacts his sentence or the amount of jail credit he received. In these circumstances, given that the judgment of sentence clearly affords defendant the credit he was due, defendant is not entitled to relief and we see no reason to remand to change the judgment of sentence in the manner suggested by defendant. See MCR 2.613(A).

Affirmed.

/s/ Joel P. Hoekstra
/s/ David H. Sawyer
/s/ Stephen L. Borrello

---

[2] Defendant would have served the entirety of his two year (730 day) felony-firearm conviction and 878 days on his remaining concurrent sentences.