# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARIUS RUSH,

        Defendant-Appellant.

UNPUBLISHED
April 26, 2016

No. 325194
Wayne Circuit Court
LC No. 12-001081-FC

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

## I. INTRODUCTION

In a prior appeal, we affirmed defendant's convictions of first-degree home invasion, MCL 750.110a(2)(b), conspiracy to commit home invasion, MCL 750.157a; MCL 750.110a(2), and receiving or concealing stolen property less than $200, MCL 750.535(5). *People v Rush*, unpublished opinion per curiam of the Court of Appeals, issued April 17, 2014 (Docket Nos. 312055, 316564). However, we vacated his sentences and remanded for resentencing. *Id*. On remand, the trial court resentenced defendant to 145 to 240 months' imprisonment for his home invasion conviction, 87 to 240 months' imprisonment for his conspiracy to commit home invasion conviction, and time served for his receiving or concealing stolen property conviction. The trial court ordered the conspiracy and home invasion sentences to be served consecutively, but it awarded defendant, for both of those sentences, 1,040 days' credit for time served.

Defendant again appeals his sentences as of right. We remand for further proceedings consistent with this opinion.

## II. OFFENSE VARIABLE SCORING

Defendant asserts that the trial court erred in assessing 15 points for offense variable ("OV") 1, MCL 777.31(1)(c),[1] and five points for OV 2, MCL 777.32(1)(d),[2] because (1) the

---

[1] Pursuant to MCL 777.31(1)(c), a trial court shall assess 15 points if "[a] firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon."

jury found defendant not guilty of armed robbery, not guilty of first-degree home invasion on the theory of being armed with a weapon, and not guilty of conspiracy to commit first-degree home invasion on the theory of being armed with a weapon, thereby demonstrating that it found beyond a reasonable doubt that he did not possess a weapon during the offense, and (2) no information is available in this case regarding the scoring of OV 1 and OV 2 in the codefendants' cases. We disagree.

## A. STANDARD OF REVIEW

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (footnotes omitted).[3]]

However, defendant failed to preserve this claim by raising it "at sentencing, in a motion for resentencing, or in a motion to remand filed in the Court of Appeals." *People v Loper*, 299 Mich App 451, 456; 830 NW2d 836 (2013). Thus, we review this issue for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To demonstrate such an error, defendant must show that (1) an error occurred, (2) the error was clear or obvious, and (3) "the plain error affected [the defendant's] substantial rights," which "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*. at 763. Even if a defendant establishes a plain error that affected his substantial rights, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (quotation marks and citation omitted; second alteration in original).

## B. ANALYSIS

Even after the Michigan Supreme Court's opinion in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)—which, as discussed later in this opinion, rendered Michigan's sentencing guidelines advisory—facts at sentencing need only be proven "by a preponderance of

---

[2] Pursuant to MCL 777.32(1)(d), a trial court shall assess five points if "[t]he offender possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon."

[3] As discussed *infra*, Michigan's sentencing guidelines are now advisory pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). However, a trial court still is required to calculate and consider the sentencing guidelines when imposing a sentence, *id*. at 365, 391, and *Lockridge* "[did] nothing to undercut the requirement that the highest number of points possible *must be* assessed for all OVs, whether using judge-found facts or not," *id*. at 392 n 28. Accordingly, the standard of review stated *supra* still applies to defendant's claim. *People v Steanhouse*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 318329); slip op at 18-19.

the evidence rather than beyond a reasonable doubt." *People v Ratkov (After Remand)*, 201 Mich App 123, 126; 505 NW2d 886 (1993), remanded by 447 Mich 984 (1994). See also *Hardy*, 494 Mich at 438; *People v Steanhouse*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 318329); slip op at 19. Due to the different standards, "situations may arise wherein although the factfinder declined to find a fact proven beyond a reasonable doubt for purposes of conviction, the same fact may be found by a preponderance of the evidence for purposes of sentencing." *Ratkov*, 201 Mich App at 126. Likewise, as long as the trial court's scoring of the sentencing guidelines is supported by a preponderance of the evidence in the record, it "need not be consistent with the jury verdict." *People v Perez*, 255 Mich App 703, 712-713; 662 NW2d 446 (2003), vacated in part on other grounds 469 Mich 415 (2003). Accordingly, the trial court's scoring of OV 1 and OV 2 was not erroneous solely based on the fact that its scoring of those variables was inconsistent with the jury's verdict.

Further, MCL 777.31(2)(b) and MCL 777.32(2)(b) both provide, "In multiple offender cases, if 1 offender is assessed points for the presence or use of a weapon, all offenders shall be assessed the same number of points." In *People v Morson*, 471 Mich 248, 260; 685 NW2d 203 (2004), the Michigan Supreme Court stated, with regard to identical multiple offender language in MCL 777.31 and MCL 777.33, "When the sentencing court assesses points for the first offender, it must assess the 'highest number of points' that can be assessed under the statute." Accordingly, in multiple offender cases, conduct attributable to another perpetrator is properly considered in the scoring of OV 1 and OV 2, as the same score must be assessed for all offenders. See *id.* at 252-253, 259-260. Here, the evidence in the record clearly shows that the home invasion giving rise to defendant's convictions was committed by multiple offenders, at least one of whom held a knife to the victim's neck during the commission of the offense. This evidence supports the trial court's scoring of OV 1 and OV 2.[4]

However, as defendant argues on appeal, we must further consider the trial court's scoring of OV 1 and OV 2, as well as the other offense variables, given the recent changes to Michigan's sentencing scheme under *Lockridge*.

## II. JUDICIAL FACT-FINDING

Defendant argues that we should again remand this case for resentencing because the trial court scored OV 1, 2, 10, and 13 based on facts that were not found by the jury beyond a reasonable doubt, and these facts were used to increase the mandatory minimum sentence imposed for his convictions. We agree that remand is necessary so that the trial court may

---

[4] In *People v Blevins*, ___ Mich App ___, ___ n 7; ___ NW2d ___ (2016) (Docket No. 315774); slip op at 10 n 7, this Court, in considering a *Lockridge*-related error, stated its belief that under *Lockridge*, the "sentencing guidelines are to be scored only on the basis of facts necessarily found by the jury or admitted by the defendant." To the extent *Blevins* may be understood as suggesting that offense variables may not be scored, after *Lockridge*, on the basis of judicially found facts, we believe that such a suggestion is contrary to *Lockridge* for the reasons stated *supra* in footnote 3. See also *People v Stokes*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 321303); slip op at 6-8.

determine whether it would have imposed materially different sentences in light of the now-advisory nature of the sentencing guidelines.

## A. STANDARD OF REVIEW

Defendant did not object to the trial court's scoring of the offense variables on the basis of improper judicial fact-finding. Thus, this issue is unpreserved and reviewed for plain error affecting substantial rights. *Lockridge*, 498 Mich at 392.

## B. ANALYSIS

In *Lockridge*, the Michigan Supreme Court held that Michigan's sentencing guidelines previously violated the Sixth Amendment to the extent that they "*require[d]* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables . . . that *mandatorily* increase[d] the floor of the guidelines minimum sentence range[.]" *Id.* at 364. Stated differently, a Sixth Amendment violation occurred when the "facts admitted by a defendant or found by the jury verdict were insufficient to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced." *Id.* at 395. Accordingly, in order to remedy the Sixth Amendment violation, the Court held that Michigan's sentencing guidelines are now advisory, but sentencing judges remain required to consult the guidelines and " 'take them into account when sentencing.' " *Id.* at 391 (citation omitted). "[A]ll defendants [sentenced on or before July 29, 2015,] (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry." *Id.* at 395.

Here, defendant challenges the trial court's assessment of 15 points for OV 1, MCL 777.31(1)(c), five points for OV 2, MCL 777.32(1)(d), 10 points for OV 10, MCL 777.40(1)(b),[5] and 25 points for OV 13, MCL 777.43(1)(c).[6] We agree that the trial court's scoring of those variables was not supported by the jury's verdict.[7] We also agree that defendant did not admit facts that would support all of those scores. Accordingly, it is clear that the 55-point OV score

---

[5] Pursuant to MCL 777.40(1)(b), a trial court shall assess 10 points if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status."

[6] Pursuant to MCL 777.43(1)(c), a trial court shall assess 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person."

[7] See MCL 750.110a(2)(b); MCL 750.157a; MCL 750.535(5). See also *People v Wilder*, 485 Mich 35, 42-43; 780 NW2d 265 (2010) (stating the elements of first-degree home invasion), citing MCL 750.110a(2); *People v Jackson*, 292 Mich App 583, 588; 808 NW2d 541 (2011) (stating the elements of criminal conspiracy to commit an offense); *People v Pratt*, 254 Mich App 425, 427; 656 NW2d 866 (2003) (stating the elements of receiving or concealing stolen property).

was calculated solely based on judicially found facts. Without the judicial fact-finding, defendant's OV score would have been zero points, and the range calculated under the sentencing guidelines would have been 51 to 85 months, rather than 87 to 145 months. Thus, defendant's minimum sentence range was actually constrained by the Sixth Amendment violation.

As a result, because the trial court did not impose an upward departure sentence in this case, defendant is entitled to "a remand to the trial court for further inquiry." See *Lockridge*, 498 Mich at 395. This further inquiry is through a "*Crosby*[8] remand," during which the trial court must determine whether it "would have imposed a materially different sentence but for the constitutional error. If the trial court determines that the answer to that question is yes, the court shall order resentencing." *Stokes*, ___ Mich App at ___; slip op at 9 (quotation marks and citation omitted); see also *Lockridge*, 498 Mich at 395-399.

> [O]n a *Crosby* remand, a trial court should first allow a defendant an opportunity to inform the court that he or she will not seek resentencing. If notification is not received in a timely manner, the court (1) should obtain the views of counsel in some form, (2) may but is not required to hold a hearing on the matter, and (3) need not have the defendant present when it decides whether to resentence the defendant, but (4) must have the defendant present, as required by [MCR 6.425], if it decides to resentence the defendant. Further, in determining whether the court would have imposed a materially different sentence but for the unconstitutional constraint, the court should consider only the circumstances existing at the time of the original sentence. [*Stokes*, ___ Mich App at ___; slip op at 9, quoting *Lockridge*, 498 Mich at 398 (alterations in original; block quote omitted).]

Thus, we remand for implementation of the *Crosby* procedure so that the trial court may determine whether resentencing is appropriate in this case.

## III. PROPER CALCULATION OF TIME SERVED

Additionally, defendant argues that the trial court inaccurately applied a credit of 1,040 days, rather than 1,055 days, to his sentences for time served prior to resentencing. We agree.

## A. STANDARD OF REVIEW

We review *de novo* whether a defendant is entitled to credit for time served prior to sentencing. *People v Waclawski*, 286 Mich App 634, 688; 780 NW2d 321 (2009). However, because defendant failed to object to the trial court's calculation of time served in the lower court, we review his claim for plain error affecting substantial rights. *Carines*, 460 Mich at 762-763.

---

[8] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

B. ANALYSIS

According to the presentence investigation report, defendant was arrested on January 15, 2012. He served time in jail without bond until his original sentencing for the instant offenses on August 1, 2012. He then served time on the void sentences until December 5, 2014, at which time he was resentenced. Defendant is correct that the proper amount of credit for time served between his arrest and resentencing is 1,055 days. See MCR 1.108(1).

Accordingly, if the trial court declines to resentence defendant on remand, the court shall complete the ministerial task of correcting the December 5, 2014 judgment of sentence to reflect an award of 1,055 days' credit for time served. See MCL 769.11a; MCL 769.11b; MCL 769.34(12); *People v Whiteside*, 437 Mich 188, 196-197; 468 NW2d 504 (1991) (stating that credit is required for time served as a result of a defendant being denied or unable to furnish bond for the offense of which he is convicted); *People v McDaniel*, 480 Mich 1162; 746 NW2d 867 (2008) (stating that credit is required "for time served between the date of the original sentencing and the date of the resentencing"). Conversely, if the trial court determines that resentencing is warranted, the trial court shall award defendant 1,055 days' credit for time served as of December 5, 2014, plus an additional award of credit for time served between defendant's first and second resentencings.

Although not raised by the parties on appeal, we also note that, when a trial court imposes consecutive sentences, applying a credit for time served to both sentences would amount to a double credit and defeat the purpose of consecutive sentences. *People v Cantu*, 117 Mich App 399, 402-403; 323 NW2d 719 (1982). Instead, the credit should only be applied to a defendant's first sentence. *People v Alexander*, 207 Mich App 227, 229; 523 NW2d 653 (1994). Therefore, we instruct the trial court on remand to apply the credit only to the home invasion sentence, and not the conspiracy to commit home invasion sentence.

IV. CONCLUSION

Defendant has established that a *Lockridge* error occurred in this case. Thus, remand is required so that the trial court may implement the *Crosby* remand procedure and determine whether resentencing is warranted in this case. Additionally, we agree with defendant that the trial court incorrectly calculated his time served prior to resentencing. Thus, on remand, the trial court shall correct his credit for time served, as described *supra*.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan

-6-