PEOPLE v JOHNSON

Docket No. 279163. Submitted October 7, 2008, at Lansing. Decided April 14, 2009, at 9:00 a.m.

The Kent County Prosecuting Attorney charged Robert L. Johnson in the Kent Circuit Court with breaking and entering a building with intent to commit a felony or larceny and with larceny in a building. The defendant, at the time the charged offenses were committed, was on parole from a sentence imposed for larceny from the person. Although the court, Paul J. Sullivan, J., set bail, the defendant was not released from jail because of a parole detainer. The defendant pleaded no contest to the charges. At sentencing, the court revoked parole, imposed prison sentences for the new offenses, and granted sentence credit for time spent in jail awaiting sentencing against the sentence from which the defendant had been paroled, but denied a similar credit against the sentences imposed for the new convictions. The defendant appealed by delayed leave granted, challenging the denial of credit against the sentences for the new convictions.

The Court of Appeals *held*:

The trial court did not err by denying sentence credit against the sentences for the new convictions.

1. Under MCL 769.11b, whenever a person has served time in jail before sentencing because of being denied or being unable to furnish bond for the offense of which the person is convicted, the sentencing court must grant credit against the sentence for such time served in jail. However, when a parolee is arrested for a new criminal offense, he or she is held on a parole detainer until convicted of the new offense and is not entitled to credit for time served in jail against the sentence for the new offense. Instead, a parole detainee convicted of a new offense is entitled to have jail credit applied exclusively to the sentence for which parole was granted. Credit is not available to a parole detainee for time spent in jail attendant to the new offense because bond is neither set nor denied when a defendant is held in jail on a parole detainer. In the case where, as here, the trial court errs by setting bond, the erroneously granted possibility of posting bond does not secure a parole detainee any rights under MCL 769.11b.

2. The manner in which the sentence credit was applied did not result in "dead time." Under MCL 768.7a(2), if a person is convicted and sentenced to imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the prison term imposed for the previous offense. Under MCL 791.238(1), (2), and (6), a defendant on parole, while physically released from the confines of prison, remains in the legal custody of the Department of Corrections and continues to serve out the sentence originally imposed. When a person on parole commits another felony and is arrested and detained, the time of detention continues to accrue toward the fulfillment of the original sentence. If parole is not revoked, the defendant continues to accrue time toward his or her ultimate discharge for the conviction upon which he or she enjoys parole. MCL 791.238(6). If parole is revoked, the defendant is obligated to serve out the balance of the maximum sentence for the conviction that formed the basis for parole. The only time a defendant stops accruing time toward his or her ultimate discharge from the Department of Corrections is when a parolee has a warrant issued for a parole violation and the parolee remains at large. MCL 791.238(2).

Affirmed.

PAROLE — SENTENCES — DETENTIONS FOR OFFENSES COMMITTED WHILE ON PAROLE — SENTENCE CREDITS.

Time spent in jail by a parolee awaiting sentencing for an offense committed while on parole is to be credited, if parole is revoked, against the sentence for which parole was granted; credit against the sentence for the new offense is not available under the statute that provides for sentence credit for time spent in jail because of a denial of bond or an inability to post bond inasmuch as the parolee's detention is pursuant to a parole detainer and bond is neither set nor denied in that situation (MCL 768.7a[2], 769.11b, and 791.238[1], [2], [6]).

*David G. Grunst, P.C.* (by *David G. Grunst*), for the defendant.

Before: SERVITTO, P.J., and DONOFRIO and FORT HOOD, JJ.

DONOFRIO, J. In Kent Circuit Court Docket No. 05-010285-FH, defendant pleaded no contest to a charge of breaking and entering a building with intent to commit

a felony or larceny, MCL 750.110. The trial court sentenced defendant as an habitual offender, second offense, to a prison term of 2 to 15 years. In Kent Circuit Court Docket No. 05-011628-FH, defendant pleaded no contest to a charge of larceny in a building, MCL 750.360, and the trial court sentenced him to a concurrent prison term of 1½ to 4 years. Defendant now appeals by delayed leave granted, challenging only the trial court's refusal to award him sentence credit for the time he served in the county jail while he was awaiting sentencing. Because defendant was on parole at the time he committed the current offenses, he was not entitled to sentence credit against the sentence for the new offenses. Rather, defendant was entitled to credit against only the prior sentence on the offense for which he enjoyed parole. We affirm. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

## I. BASIC FACTS AND PROCEDURAL HISTORY

In 1997, defendant was convicted of larceny from the person, MCL 750.357, and sentenced on December 3, 1997, to 5 to 10 years' imprisonment. After serving a portion of his sentence, he was granted parole. While still on parole, on September 28, 2005, defendant was arrested and charged with breaking and entering a building with intent to commit a felony or larceny, MCL 750.110. Defendant was additionally charged on an earlier offense of larceny in a building, MCL 750.360. After his arrest on the instant offenses, defendant was lodged in the county jail and not granted bail because of a parole detainer.

Defendant ultimately pleaded no contest to the instant charges and remained in jail awaiting sentencing. Defendant served 293 days in the county jail awaiting sentencing. At sentencing, because defendant was on parole for his prior conviction at the time he committed

the instant offenses, the trial court declined to grant defendant sentence credit against the sentences for the instant convictions for the time he served in the county jail. Parole was revoked on the 1997 conviction, credit of 293 days was applied against the sentence on the conviction for which parole was revoked, and defendant has now served his maximum sentence on that conviction. Defendant now challenges the trial court's refusal to grant jail credit of 293 days served in the county jail against the sentences for the instant convictions. He essentially challenges the concept of "dead time," i.e., time not credited to his current prison sentences.

## II. PAROLE DETAINEE'S ENTITLEMENT TO JAIL CREDIT

### A. STANDARD OF REVIEW

The question before us is whether the trial court erred as a matter of law by denying defendant, a parole detainee, 293 days of jail credit against the instant sentences. We review de novo questions of law concerning statutory interpretation. *People v Seiders*, 262 Mich App 702, 705; 686 NW2d 821 (2004).

### B. ANALYSIS

Defendant contends that he is entitled to sentence credit against the sentences for the instant offenses pursuant to MCL 769.11b, which provides:

> Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

The primary goal in construing a statute is "to ascertain and give effect to the intent of the Legislature."

*People v Pasha*, 466 Mich 378, 382; 645 NW2d 275 (2002). To achieve this goal, the Court must begin by examining the plain language of the statute. *Id*. If the language of the statute is clear and unambiguous, it is assumed that the Legislature intended its plain meaning and the statute is enforced as written. *People v Stone*, 463 Mich 558, 562; 621 NW2d 702 (2001). In discerning legislative intent, this Court gives effect to every word, phrase, and clause in the statute. *People v Hill*, 269 Mich App 505, 515; 715 NW2d 301 (2006). The Court must avoid construing a statute in a manner that renders statutory language nugatory or surplusage. *Id*. " 'We construe an act as a whole to harmonize its provisions and carry out the purpose of the Legislature.' " *Id*., quoting *Macomb Co Prosecutor v Murphy*, 464 Mich 149, 159-160; 627 NW2d 247 (2001).

Here, defendant was on parole at the time he committed the instant offenses. In *Seiders*, this Court held that when a parolee commits a new offense while on parole, credit for time served in jail before sentencing on the new offense is not available. The Court explained that credit is available only when the defendant is *"denied or unable to furnish bond"* and that when a defendant is held in jail on a parole detainer, bond is neither set nor denied. *Seiders, supra* at 707 (emphasis in original). Furthermore, this Court in *People v Filip*, 278 Mich App 635, 640; 754 NW2d 660 (2008),[1] quoting *People v Stead*, 270 Mich App 550, 551-552; 716 NW2d 324 (2006), held:

> " 'When a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in

---

[1] In *Filip*, our Supreme Court denied leave to appeal as moot because the defendant had been discharged from parole. *People v Filip*, 482 Mich 1118 (2008).

jail on the sentence for the new offense.' [*Seiders*, *supra* at 705, citing MCL 791.238(2).] Instead, a parole detainee convicted of a new offense is entitled to have jail credit applied exclusively to the sentence from which parole was granted. *Id.* Credit is not available to a parole detainee for time spent in jail attendant to a new offense 'because bond is neither set nor denied when a defendant is held in jail on a parole detainer.' *Id.* at 707."

Defendant argues that *Seiders* is distinguishable because bond was set in these cases, but not posted. He relies on the reasoning of the Genesee Circuit Court in *Filip* in which the trial court granted credit. However, this Court rejected that reasoning and reversed the circuit court in *Filip, supra* at 643. As explained in *Filip*, MCL 791.238(1) provides that parole violators are not eligible for bond pending resolution of parole violation proceedings. Time served pending resolution of the parole proceedings is part of the sentence for the paroled offense and is to be credited against that sentence. Where, as here and in *Filip*, the trial court errs by setting bond, "the erroneously granted possibility of posting bond did not secure [defendant] any rights under MCL 769.11b." *Id.* at 642. Under those circumstances, a defendant awaiting trial or sentencing "shall remain incarcerated." MCL 769.11b.

C. RELATIONSHIP BETWEEN MCL 768.7a(2)
AND MCL 791.238(1), (2), AND (6)

Despite the foregoing, defendant argues that the manner in which the trial court credited the time he served awaiting sentencing resulted in "dead time." Defendant, as well as other parolees, continues to argue that when parole is revoked or not revoked, parolees fail to receive jail credit for time served while in custody in jail awaiting sentence, a parole detainer notwithstanding. Here, defendant, like the defendant in *Filip*, claims

that he is entitled to 293 days jail credit against the instant sentences by virtue of MCL 769.11b. In other words, defendant contends that failure to credit this jail time against the 2005 sentences at issue, rather than the previous 1997 sentence for which he was on parole, results in "dead time." The concept of "dead time," however, is a misnomer because defendant properly received credit against the sentence on which parole was granted and, as such, there is no "dead time." The interplay of MCL 768.7a(2) and MCL 791.238(1), (2), and (6) fully explains that the jail time is credited for defendant and is neither forfeited nor "dead" as he suggests.

MCL 768.7a(2) provides:

> If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

The relevant portions of MCL 791.238 provide in pertinent part:

> (1) Each prisoner on parole shall remain in the legal custody and under the control of the department. The deputy director of the bureau of field services, upon a showing of probable violation of parole, may issue a warrant for the return of any paroled prisoner. Pending a hearing upon any charge of parole violation, the prisoner shall remain incarcerated.
>
> (2) A prisoner violating the provisions of his or her parole and for whose return a warrant has been issued by the deputy director of the bureau of field services is treated as an escaped prisoner and is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment. The time from the date of the declared violation to the date of the prisoner's availability for return to an

institution shall not be counted as time served. The warrant of the deputy director of the bureau of field services is a sufficient warrant authorizing all officers named in the warrant to detain the paroled prisoner in any jail of the state until his or her return to the state penal institution.

* * *

(6) A parole shall be construed as a permit to the prisoner to leave the prison, and not as a release. While at large, the paroled prisoner shall be considered to be serving out the sentence imposed by the court and, if he or she is eligible for good time, shall be entitled to good time the same as if confined in a state correctional facility.

A defendant on parole, while physically released from the confines of prison, remains in the legal custody of the Department of Corrections. He or she continues to serve out the sentence as originally imposed by the sentencing court. And, if eligible for good time, he or she is entitled to continue to accrue such time as if confined to prison. When a person on parole commits another felony and is arrested and detained, the time of detention continues to accrue toward the fulfillment of the originally imposed sentence because at no time has the convict been released. MCL 791.238(1), (2), and (6).

A defendant convicted of a felony while on parole shall have the sentence for the later conviction commence upon the expiration of the remaining portion of the former paroled offense. MCL 768.7a(2). This section does not implicate the imposition of the original maximum sentence. However, should the deputy director of the Bureau of Field Services seek a defendant's return by issuing a warrant for the defendant's return to prison and a hearing on a charge of parole violation, the defendant shall be treated as an escaped prisoner and is liable, when arrested, to serve out the unexpired portion of his or her maximum sentence. MCL 791.238(2).

The liability for the maximum term of imprisonment is made manifest by revocation of parole. Revocation of parole, except for certain enumerated crimes, is discretionary.[2] MCL 791.240a(1). If parole is not revoked, the defendant continues to accrue time toward his or her ultimate discharge for the conviction upon which the defendant enjoys parole. MCL 791.238(6). If parole is revoked, the defendant is obligated to serve out the balance of the maximum sentence for the conviction that formed the basis for parole. MCL 791.238(5) and MCL 791.234.

The only time a defendant stops accruing time toward his or her ultimate discharge from the Department of Corrections is when a parolee has a warrant issued for a parole violation and the parolee remains at large. After a warrant is issued, "[t]he time from the date of the declared violation to the date of the prisoner's availability for return to an institution shall not be counted as time served." MCL 791.238(2).

In the case at bar, defendant was convicted of two felonies while on parole. Concomitantly with conviction and sentencing for the current offenses on July 18, 2006, parole was revoked, and the 293 days defendant served in the county jail awaiting disposition of his new felony charges was credited against the sentence for which he had enjoyed parole. Defendant then commenced serving his sentences consecutively on the 1997 conviction as well as the instant felony convictions. At the time of the instant convictions, defendant expected to be discharged from parole on September 29, 2006. Defendant remains in prison and has now completed the maximum of his sentence for his 1997 crime.

---

[2] See MCL 791.240a(2) for enumerated drug crimes and violent felonies, as defined in MCL 791.240a(12) incorporating MCL 791.236. MCL 791.236(10) enumerates drug offenses, and MCL 791.236(19) enumerates violent felonies.

Because defendant's maximum sentence for his conviction of breaking and entering a building with intent to commit a felony or larceny is 15 years, his maximum discharge date extends to October 26, 2021.[3]

In *Filip*, the defendant was also convicted of a felony while on parole. But his parole was not revoked. The jail credit there was the same as in this case because the jail time the defendant served awaiting disposition of the subsequent offense was not credited toward his later conviction, but credited against the conviction for which he was on parole. Upon sentencing for the subsequent conviction, the defendant started accruing time immediately. Serving time for the prior conviction and subsequent conviction ran concurrently from the date of sentence. And the Offender Tracking and Information System reveals that the defendant was discharged from the Department of Corrections before serving any maximum sentence.

Thus, regardless of whether parole was revoked, in neither case is the time served awaiting a subsequent conviction not credited. Hence, there is no "dead time."[4]

---

[3] However, defendant's earliest release date according to the Offender Tracking and Information System, was July 17, 2008, the anniversary of the two-year minimum that defendant served on the instant offenses.

[4] Recidivist parolees assert support for their arguments regarding "dead time" from two dissents, *People v Wright*, 474 Mich 1138 (2006), and *People v Conway*, 474 Mich 1140 (2006). The argument articulated is that the method used by the Department of Corrections for applying sentence credit may be arbitrary or result in a denial of equal protection. In *Wright*, the facts suggest that parole was not revoked. In *Conway*, it is impossible to determine if parole was revoked. Clearly, in the situation where parole is revoked, there can be no issue on credit because of consecutive sentencing following the statutory imposition of the maximum sentence. Also, the application of credit is neither arbitrary nor unequal for defendants similarly situated. For all defendants experiencing revocation of parole, all time served awaiting disposition is credited against the maximum sentence on the conviction for which parole was revoked. If the maximum term of sentence is extinguished with jail credit

### III. CONCLUSION

Because defendant suffered a revocation of parole, defendant has not established error with regard to the trial court's failure to award jail credit against his current sentences.

We affirm.

---

remaining, the remaining credit will apply to the later sentence. A sentence so served is served strictly in conformity with the statutory mandate and is fixed with certainty. Such a crediting scheme is therefore neither arbitrary nor unequal for all defendants so affected.