# STATE OF MICHIGAN

# COURT OF APPEALS

ANTHONY TYRONE MITCHELL,

        Plaintiff-Appellant,

UNPUBLISHED
November 15, 2016

v

GUS HARRISON CORRECTIONAL FACILITY
WARDEN,

        Defendant-Appellee.

No. 328049
Lenawee Circuit Court
LC No. 15-005237-AH

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

Plaintiff, *in propria persona*, appeals the circuit court's order that denied his petition for a writ of habeas corpus. For the reasons provided below, we affirm.

Plaintiff is a prisoner within the jurisdiction of the Michigan Department of Corrections ("MDOC"). In November 2001, plaintiff was sentenced to a term of 5 to 10 years' imprisonment for a conviction of carjacking, MCL 750.529a, and a mandatory consecutive term of 2 years' imprisonment for a conviction of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The 12-year maximum term of those sentences, taking into account defendant's jail credit of 150 days, expired on June 23, 2013. In 2008, after serving the seven-year minimum term of these sentences, plaintiff was granted parole.[1] In 2009, while on parole, plaintiff was convicted by plea of additional felony offenses, including his second offense of felony-firearm, for which the court sentenced him to the mandatory term of five-years' imprisonment, MCL 750.227b, to be served consecutive to the parole violation, MCL 768.7a(2). When he was sentenced August 25, 2009, on the new conviction, plaintiff had about 3 years and 10 months remaining to serve on the original 12-year maximum term of his earlier paroled offenses, which expired June 23, 2013. As a result of incurring a new sentence while on parole,

---

[1] "Once a prisoner has served his minimum sentence, the Parole Board has jurisdiction over the prisoner and has discretion to grant parole. MCL 791.234(1). While on parole, the prisoner 'shall be considered to be serving out the sentence imposed by the court,' MCL 791.238(6), but he 'remain[s] in the legal custody and under the control of the [MDOC],' MCL 791.238(1)." *People v Idziak*, 484 Mich 549, 564; 773 NW2d 616 (2009) (footnotes omitted).

the Parole Board revoked plaintiff's parole. MCL 791.240a. The MDOC aggregated the maximum terms of the earlier 2001 sentences on the paroled offenses (12 years) and the new 2009 felony-firearm sentence (5 years) and calculated a new maximum term of 17 years, resulting in a maximum discharge date of June 23, 2018.

Plaintiff claims that he has now served his original maximum term of 12 years on the 2001 convictions, which expired June 23, 2013, and the mandatory fixed term on the 2009 felony-firearm conviction, which expired August 24, 2014 (5 years after the sentencing date), and thus he should have been released from custody on August 24, 2014. Plaintiff believes the MDOC incorrectly calculated his maximum term of imprisonment, double counting the five-year fixed term for his felony-firearm conviction by including it in the calculation of both the minimum and maximum terms, thereby impermissibly extending his maximum discharge date by 5 years to June 23, 2018. This, plaintiff argues, has resulted in his unlawful detainment beyond the maximum term of imprisonment imposed by the court in violation of Michigan law and his constitutional rights prohibiting double jeopardy and cruel and unusual punishment. Plaintiff filed a complaint in the circuit court seeking habeas corpus relief, but the court denied his request.

"As a general rule, every person committed, detained, confined or restrained of his liberty for any criminal or supposed criminal matter may seek a writ of habeas corpus to inquire into the cause of the restraint." *Triplett v Deputy Warden, Jackson Prison*, 142 Mich App 774, 780; 371 NW2d 862 (1985); see also Const 1963, art 1, § 12; MCL 600.4307; *Morales v Mich Parole Bd*, 260 Mich App 29, 40; 676 NW2d 221 (2003). "The function of a writ of habeas corpus is to test the legality of the detention of any person restrained of his liberty." *Triplett*, 142 Mich App at 780; see also *Morales*, 260 Mich App at 40. "'If a legal basis for detention is lacking, a judge must order the release of the detainee from confinement.'" *Morales*, 260 Mich App at 40, quoting *Hinton v Parole Bd*, 148 Mich App 235, 244; 383 NW2d 626 (1986), citing MCL 600.4352. "However, the writ of habeas corpus deals only with radical defects rendering a judgment or proceeding absolutely void." *Triplett*, 142 Mich App at 780. "'A radical defect in jurisdiction contemplates . . . an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act or omission.'" *Morales*, 260 Mich App at 40, quoting *Hinton*, 148 Mich App at 245.

Generally, a parolee who commits a crime while on parole "'is liable, when arrested, to serve out the unexpired portion of his or her maximum imprisonment.'" *Idziak*, 484 Mich at 566, quoting MCL 791.238(2). Pursuant to MCL 768.7a(2), consecutive sentencing is mandatory for parolees who commit crimes while on parole.[2] *Idziak*, 484 Mich at 556-558;

---

[2] MCL 768.7a(2) provides:

> If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.

*People v Howell*, 300 Mich App 638, 647; 834 NW2d 923 (2013). However, MCL 768.7a(2) does not automatically require a parolee who commits an offense while on parole to serve out his entire original maximum sentence before he can begin serving his new sentence. *Idziak*, 484 Mich at 558; *Wayne Co Prosecutor v Dep't of Corrections*, 451 Mich 569, 571-572, 579-581; 548 NW2d 900 (1996); *People v Johnson*, 283 Mich App 303, 310; 769 NW2d 905 (2009). Instead, under MCL 768.7a(2), "[a] defendant convicted of a felony while on parole shall have the sentence for the later conviction commence upon the expiration of the *remaining portion* of the former paroled offense." *Johnson*, 283 Mich App at 310 (emphasis added). "'[T]he 'remaining portion' clause of [MCL 768.7a(2)] . . . requires the offender to serve at least the combined minimums of his sentences, plus whatever portion, between the minimum and the maximum, of the earlier sentence that the Parole Board may, because the parolee violated the terms of parole, require him to serve.'" *Idziak*, 484 Mich at 558, quoting *Wayne Co Prosecutor*, 451 Mich at 572.

The statutory scheme under MCL 791.238(5), MCL 791.234(3), and (4), provides a mechanism for the MDOC to compute an offender's earliest release and maximum discharge dates for purposes of parole in the specific circumstance of consecutive sentences.[3] *Idziak*, 484 Mich at 555, 575-576, 558-559; *Sobiecki v Mich Dep't of Corrections*, 271 Mich App 139, 142; 721 NW2d 229 (2006). Under MCL 791.234(4), "where a prisoner is given consecutive sentences, [as here], the minimum terms and the maximum terms are independently aggregated to form a unified minimum term and a unified maximum term, for the limited purposes of calculating parole eligibility." *Sobiecki*, 271 Mich App at 143. The MDOC "calculates the new maximum discharge date by adding the new maximum sentence imposed by the court . . . to the

---

[3] MCL 791.238(5) provides:

> A prisoner committing a crime while at large on parole and being convicted and sentenced for the crime shall be treated as to the last incurred term as provided under [MCL 791.234].

In turn, MCL 791.234(4) provides:

> If a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms. The maximum terms of the sentences shall be added to compute the new maximum term under this subsection, and discharge shall be issued only after the total of the maximum sentences has been served, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.

The language pertinent to this issue contained in MCL 791.234(3), concerning a prisoner "other than a prisoner subject to disciplinary time," and MCL 791.234(4), concerning a prisoner "subject to disciplinary time," appears in both sections. *Idziak*, 484 Mich at 555 n 2. We refer to MCL 791.234(3) and (4) interchangeably for our purposes here.

offender's original maximum sentence." *Idziak*, 484 Mich at 576. Generally, as in the instant case, "a parolee will have already served his original minimum sentence, so he will become *parole eligible* after serving his new minimum sentence." *Id.* at 559 (emphasis in original). Accordingly, if a parolee, who has served his minimum term on the paroled offense, commits an offense while on parole, "the 'consecutive' sentence would commence to run immediately" for the purpose of computing parole eligibility. *Wayne Co Prosecutor*, 451 Mich at 580. Once the offender reaches his new minimum release date, i.e., "after he has served a period of time equal to the minimum sentence imposed by the court," the Parole Board has jurisdiction over the prisoner and has discretionary authority to grant parole. *Idziak*, 484 Mich at 555, 559, 564; MCL 791.234(3). At that point, pursuant to its discretionary authority, "the Parole Board has jurisdiction to decide whether the prisoner is *worthy* of parole" or to keep the prisoner up to the time he serves the total of his maximum sentences. MCL 791.234(4); *Idziak*, 484 Mich at 559, 567 (emphasis in original); *Wayne Co Prosecutor*, 451 Mich at 572.

In accordance with MCL 768.7a(2), upon his 2009 conviction and sentence for the felony-firearm offense committed while on parole, plaintiff, whose parole was revoked upon incurring the new sentence, commenced serving his sentences consecutively on the 2001 paroled offenses and the 2009 felony-firearm offense, for which he was sentenced to a five-year fixed term, MCL 750.227b. *Johnson*, 283 Mich App at 310-312. Although under MCL 768.7a(2), plaintiff was not automatically required to serve the entire time remaining on the earlier sentence for the paroled offenses up to the June 23, 2013, maximum on that sentence before beginning to serve his new five-year felony-firearm sentence, he was required to serve "whatever portion of the earlier sentence the Parole Board may, because the parolee violated the terms of parole, require him to serve." *Wayne Co Prosecutor*, 451 Mich at 571-572, 584; see also *Idziak*, 484 Mich at 556-558; *Johnson*, 283 Mich App at 310. Thus, under MCL 768.7a(2), the maximum additional time plaintiff could potentially serve on these consecutive sentences is the 3 years, 10 months remaining on the maximum term for the earlier paroled offenses plus 5 years for his new felony-firearm offense, or about 8 years and 10 months, making his maximum discharge date June 23, 2018, as the MDOC properly calculated. Because he violated his parole, the MDOC was entitled to add his maximum term for his new felony-firearm conviction to his maximum term for the earlier paroled offenses to reach a new maximum term of 17 years. MCL 791.234(4); *Idziak*, 484 Mich at 576. This new maximum has not expired and plaintiff is not being impermissibly detained beyond his maximum term of imprisonment imposed by the court. See MCL 791.234(4) ("[D]ischarge shall be issued only after the total of the maximum sentences has been served, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.").[4]

---

[4] The MDOC's calculation of plaintiff's potential earliest release date of August 24, 2014 (five years from the 2009 sentencing for the new felony-firearm offense), also complies with Michigan law. *Idziak*, 484 Mich at 575. Thus, on August 24, 2014, the Parole Board, pursuant to its discretionary authority, had jurisdiction to decide whether to parole or keep plaintiff until he serves up to the total maximum of his sentences. *Id.* at 559, 567; *Wayne Co Prosecutor*, 451 Mich at 572.

Plaintiff also contends that the MDOC's calculation of his maximum discharge date impermissibly subjected him to multiple punishments for his felony-firearm conviction in violation of his constitutional right against double jeopardy. US Const, Am V; Const 1963, art 1, § 15.[5] Plaintiff asserts that he has served the fixed five-year term for the felony-firearm offense, which expired on August 24, 2014, and served the maximum term on his earlier paroled offenses, which expired on June 23, 2013. Therefore, tacking the five-year term for felony-firearm to the maximum term on the paroled offenses impermissibly extended his maximum discharge date by five years to June 23, 2018, and results in him having to serve his sentence for felony-firearm twice. Plaintiff is incorrect.

As already explained, a parolee who violates the terms of his parole is liable to serve out the unexpired portion of his maximum term of imprisonment. *Idziak*, 484 Mich at 566; *Wayne Co Prosecutor*, 451 Mich at 583 n 29; MCL 791.238(2). MCL 768.7a(2) mandates *consecutive* sentencing where a parolee is convicted of a felony committed while on parole, as plaintiff was. *Idziak*, 484 Mich at 556-558; *Howell*, 300 Mich App at 647. Thus, plaintiff's sentence for his felony-firearm conviction obtained while on parole actually begins to run upon the expiration of the remaining portion of the term of imprisonment for the earlier paroled offense. *Idziak*, 484 Mich at 556-558; *Johnson*, 283 Mich App at 310. The portion of remaining time a parole violator is required to serve out on the original sentence for the paroled offense, before he commences serving his instant sentence, is at the discretion of the Parole Board. MCL 791.234(4); *Wayne Co Prosecutor*, 451 Mich at 583 n 29. In other words, under MCL 768.7a(2), plaintiff's felony-firearm sentence runs *consecutive* to the remaining portion of his sentence for the prior paroled offenses that the Board requires him to serve. Under the statutory scheme, while plaintiff's felony-firearm sentence is "deemed" to commence immediately on August 25, 2009, *for the purpose of determining parole eligibility*, this does not mean that plaintiff actually served out his five-year felony-firearm sentence by August 24, 2014, so as to require his discharge at that time. Indeed, "[c]omputation of parole eligibility is immaterial to a prisoner's actual serving of his or her sentences." *Sobiecki*, 271 Mich App at 143. Where the Parole Board, in its discretion, required plaintiff to serve out the remaining balance on the prior paroled offense, up to the maximum of that sentence, or June 23, 2013, as it appears it has elected to do, plaintiff did not actually commence serving his instant felony-firearm sentence until he first served the remaining portion of the paroled offenses, thereby properly extending his maximum discharge date to June 23, 2018, or five years after June 23, 2013.[6] *Idziak*, 484 Mich at 556-558;

---

[5] "'The double jeopardy clauses of the United States and Michigan constitutions protect against governmental abuses for . . . multiple punishments of the same offense.'" *Idziak*, 484 Mich at 569, quoting *People v Calloway*, 469 Mich 448, 450; 671 NW2d 733 (2003) (emphasis omitted).

[6] We note that the Parole Board is not required to make an affirmative determination whether an offender is required to serve any "remaining portion" on his original sentence for violating parole. See *Idziak*, 484 Mich at 581-587 (rejecting such a proposition). Instead, "the Parole Board 'requires' the parolee 'to serve' by exercising its statutory authority to revoke parole, MCL 791.240a, and therefore delay the possibility of discharge, MCL 791.234(3), and by declining to exercise its discretion under MCL 791.234(5) to terminate the sentence that the parolee is presently serving." *Idziak*, 484 Mich at 586. Here, upon plaintiff's conviction and

*Johnson*, 283 Mich App at 310. Accordingly, contrary to plaintiff's argument, tacking his five-year felony-firearm sentence to his maximum sentence on the earlier paroled offenses in accordance with MCL 791.234(4) does not impermissibly require him to serve his felony-firearm sentence twice in violation of his constitutional right against double jeopardy.

We likewise reject plaintiff's assertion that the MDOC's improper calculation of his maximum discharge date, by adding his five-year felony-firearm sentence to the maximum term of imprisonment for his earlier paroled offenses, has resulted in his continued illegal detainment beyond his maximum term of imprisonment in violation of his Eighth Amendment right against cruel and unusual punishment. As explained, plaintiff's maximum discharge date of June 23, 2018, fully comports with Michigan law, MCL 768.7a(2); MCL 791.234(4), and does not result in double punishment for his felony-firearm offense. Treating his sentences consecutively, as MCL 768.7a(2) mandates, results in a total maximum term of 17 years, which expires on June 23, 2018. Plaintiff's maximum term has not expired, and thus he continues to serve out the maximum term until he is discharged. MCL 791.234(4). Plaintiff is not being unlawfully detained beyond the maximum term of imprisonment imposed by the court in violation of his constitutional rights.

Therefore, we hold that plaintiff has not established a radical defect in the MDOC's continued jurisdiction over him. Accordingly, "habeas corpus will not lie because [plaintiff] has not served [his] maximum sentence." *In re Carey*, 372 Mich 378, 381; 126 NW2d 727 (1964). And because plaintiff's request was properly denied, the circuit court also did not abuse its discretion when it denied his motion for reconsideration, even though the court did mistakenly deny the motion solely because it thought that this was plaintiff's second motion for reconsideration. See *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003) ("A trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason.").

Affirmed.

/s/ Cynthia D. Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter

---

sentencing for the instant offenses on August 25, 2009, plaintiff's parole was revoked, thereby obligating plaintiff "to serve out the balance of his maximum sentence for the conviction that formed the basis for parole," i.e., his 2001 sentences, expiring on June 23, 2013. *Johnson*, 283 Mich at 311. Plaintiff's earliest release date has passed and he remains in prison. Thus, the Board apparently has required him to serve time on his earlier paroled offense, as is within its discretion. *Wayne Co Prosecutor*, 451 Mich at 572, 584.